UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH STEWARD ROBINSON,

        Plaintiff,

v.

ISAIAH STEWARD ROBINSON,
*et al.*,

        Defendants.
_____/

Case No. 24-cv-10190

Paul D. Borman
United States District Judge

## OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Isaiah Steward Robinson is an incarcerated individual in the custody of the Michigan Department of Corrections. He filed a pro se civil complaint against the Michigan Department of Corrections and other defendants purporting to assert a claim pursuant to 28 U.S.C. § 1333, Admiralty jurisdiction. (ECF No. 1.)

On January 26, 2024, this Court issued an order of deficiency in this case. (ECF No. 4.) The order was issued because Plaintiff had failed to pay the filing fee and administrative fee for a civil action in this Court or apply in the manner required by law for a prisoner to proceed without prepayment of the filing fee. This includes filing an authorization to withdraw from his prison trust account, a signed certification of his trust account from an authorized jail official, and a current statement of his trust fund account showing the history of financial transactions in

the account for the past six months. (*Id.*) The deficiency order directed Plaintiff to provide the proper documents or pay the filing fee "within **30 days** from the date of this notice," or by February 26, 2024. (*Id.* (emphasis in original).) The order warned that if Plaintiff fails to comply with the district court' directions, the "Court must presume that he is not proceeding without the prepayment of the fee, assess the entire fee, and order the case dismissed for want of prosecution." (ECF No. 4.)

To date, Plaintiff has not corrected the deficiency.

The Prison Litigation Reform Act (PLRA) requires an incarcerated person who wishes to proceed without prepayment of fees and costs for a civil complaint in federal court to file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (citing 28 U.S.C. § 1915(a)). If an incarcerated person who does not pay the full filing fee fails to provide a certified trust account statement, the district court must notify them of the deficiency, and the incarcerated person will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id*. at 75-76 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). "'If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Id*. at 76 (citing *McGore*, 114 F.3d at 605).

By not providing the required documentation needed to proceed *in forma pauperis* or alternatively, submitting the filing and administrative fees, Plaintiff has failed to comply with the deficiency order.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(a)(1), (b)(1) and (2) for failure to comply with the filing requirements of the PLRA. Plaintiff may file a new complaint under a new case number as long as he pays the filing and administrative fees or provides the correct and complete information discussed above to proceed without prepayment of fees.

IT IS SO ORDERED.

Dated: March 6, 2024                     s/ Paul D. Borman
                                         Paul D. Borman
                                         United States District Judge